LOUIS CAPICE *vs.* DAVID ARNOTT *et al.*

MARCH 14, 1947.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

CONDON, J. This is an action on the case in assumpsit in which the plaintiff, on defendants' motion, was nonsuited by the superior court. The case is here on plaintiff's bill of exceptions which sets out solely his exception to the granting of that motion.

Defendants are the president and secretary respectively of the Brown & Sharpe Mutual Relief Association, which is the real defendant, and for convenience we shall hereinafter refer to it as the defendant or association. The association is composed exclusively of employees of the Brown & Sharpe Manufacturing Company, of Providence, in this state. It is, however, absolutely independent of that company. One of the objects of the association is to pay benefits to members who are unemployed on account of sickness. But if a member is discharged or suspended from his employment for a definite or indefinite period "on account of lack of work", he is not entitled to draw any sick benefits nor is he liable for dues or assessments "during said time of discharge or suspension". The above-quoted words are from article VI, sec. 2 of the copy of the constitution, by-laws and rules of the association, which is in evidence as an exhibit.

Plaintiff alleged in his declaration that he was a member in good standing of the association; that by virtue of its constitution and by-laws he had become entitled to sick benefits by reason of the fact that he became sick and disabled on September 9, 1943 from an injury to his back; and that on or about September 30, 1943 he became totally disabled. He also alleged that he gave immediate notice of such injury and disability to the defendant as required by its constitution and by-laws, and that it has refused to pay him the sick benefits to which he is entitled. Defendant pleaded the general issue, and the case proceeded to trial on that issue before a justice of the superior court sitting with a jury.

Plaintiff was the sole witness at the trial. He testified in substance that he had been injured on September 9, 1943 in the course of his employment at Brown & Sharpe Manufacturing Company; that he was, as a result of such injury, out of work until September 13, 1943, when he went back to work; that he worked until September 29, 1943, when he told his foreman that he could not work on account of his injury; and that the foreman then said to him: "You're getting laid off", and that he said it was for lack of work. Plaintiff further testified that he was under medical treatment at that time at the shop dispensary. On cross-examination he admitted that he signed a slip of paper dated September 29, 1943 on which was written: "Laid off   Lack of work   Louis Capice". That paper was admitted for identification but did not become an exhibit in the case.

Plaintiff testified that he signed that slip in order to obtain his pay. He also testified that his employer thereafter paid him workmen's compensation commencing September 30, 1943. He further testified that he made application to the secretary of the association for sick benefits and that the secretary told him that he was not entitled to such benefits, because he had been taken off the rolls of the association on account of his having been laid off by his employer for lack of work.

After carefully considering this evidence we are of the opinion that technically it fails to show the necessary facts from which the jury could find that plaintiff had become a beneficiary of the association under the strict letter of article VI, sec. 2 of its constitution and by-laws. It is therein provided that if the employee is suspended by his employer for lack of work his beneficial status as a member of the association is also suspended. It seems strange that the plaintiff was not told that there was no work for him until he reported to the foreman that he could not work because of his injury. But there is nothing in the evidence from which it could be reasonably inferred that the association had anything to do with this method of treating a sick employee. Suspicion or conjecture is not sufficient to raise such an inference. That such treatment of the employee by his employer redounds to the financial benefit of the association can, in the absence of evidence tending to connect the association with the action of the employer, be viewed as no more than a suspicious coincidence. On the evidence before him, the trial justice, therefore, did not err in granting defendants' motion for a nonsuit.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the nonsuit.

*Arthur N. Votolato,* for plaintiff.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for defendants.